PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-MC-00030-DAD |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $95,240.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 18, 2016, agents with the Drug Enforcement Administration ("DEA") contacted Raymond Agee Richardson (hereafter "Richardson" or "Potential Claimant") at the Fresno Yosemite International Airport in Fresno, California. Approximately $95,240.00 in U.S. Currency (hereafter the "Defendant Currency") was seized from Richardson during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about February 14, 2017, the DEA received a claim from Richardson asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that on October 18, 2016, agents with the Fresno Resident Office Drug Enforcement Administration ("DEA") responded to the Fresno Yosemite International Airport and made contact with Austen Glen McCoy (hereafter "McCoy"). DEA agents observed Richardson make an attempt to separate himself from McCoy as they

both disembarked from flight AA2533. A detective with the Fresno County Sheriff's Office asked Richardson to join McCoy. A DEA agent asked Richardson the purpose for his travel to Fresno. Richardson answered, "I'd rather not say." When asked how long Richardson planned on staying in Fresno, Richardson answered, "I'd rather not say." When asked if he carried any weapons, drugs, or explosive devices, Richardson answered, "No." When asked if he carried any large sums of currency, Richardson looked away and did not answer. DEA agents observed that Richardson exhibited a pattern of nervous behavior. DEA agents advised Richardson that he was free to leave at any time. Richardson consented to a search of his luggage. Inside the luggage, agents located the Defendant Currency.

4. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Richardson specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Potential Claimant agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. Potential Claimant hereby acknowledges that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Potential Claimant shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $15,000.00 of the Defendant Currency (and any accrued interest) shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $80,240.00 of the Defendant Currency shall be returned to Potential Claimant through his attorney Thomas S. Brown, Foley & Lardner LLP, 555 California Street, Suite 1700, San Francisco, CA 94104-1520, telephone (415) 434-4484.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Potential Claimant waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admission made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: **August 8, 2017**              _____
                                        UNITED STATES DISTRICT JUDGE